The State *v.* William R. Gallagher et al.

A vacant succession, administered by a curator, is liable on a bail bond subscribed by the deceased intestate, as surety for the appearance of a party under indictment, though not forfeited until after his death.

APPEAL from the First District Court of New Orleans, *Robertson,* J.
    *I. E. Morse,* Attorney General, for the State.    *Larue & Whittaker,* for defendants and appellants.

Spofford, J.    The single question in this case is, whether a vacant succession administered by a curator is liable on a bail bond for the appearance of a party under indictment, subscribed by the deceased intestate as surety, but not forfeited until after his death.

It is asserted by the appellants, that the obligation of a surety on such a bond, is a *strictly personal* obligation, not heritable by his heirs or binding on his vacant succession ; and this position is sought to be fortified by assuming that a curator of a vacant succession has no power under the law, to surrender in court the party for whom the deceased stood bail, and that the right to the custody of the prisoner is personal to his bail, and cannot descend to his vacant succession.

These arguments beg the question they seek to solve.    For, if the obligation is heritable, the curator may lawfully surrender the accused, in discharge thereof, and to this end the custody of the prisoner, originally intrusted to the deceased bail, may be considered as continuing in the curator.

In *Wheeler* v. *Wheeler,* 7 Mass. 169, it was held that an administrator may surrender a principal for whom his intestate was bail.

In *Niles* v. *Drake,* 17 Pick. 517, the court remarked, that the bail were liable jointly and severally.    But if one of them should die before the service of the writ of *scire facias,* the action should be commenced against the survivor, *or against the executor or administrator of the deceased.*

In *The Commonwealth* v. *Haines,* 2 Virginia Cases, 134, a verdict had been rendered against one *Helme,* in a prosecution for perjury.    He entered into a joint recognizance with two sureties, *Patton* and *Haines,* conditional for his appearance at the next term to hear judgment; at the next term he made default; *scire facias* was awarded against all the parties to the recognizance, which was served on the securities, *Haines* and *Patton,* but returned " no inhabitant" as to the principal.    No further proceedings were had against *Patton,* who died shortly afterwards.    *Haines* pleaded to issue, and, pending the issue, died.    The questions adjourned were, whether a *scire facias to revive,* could be awarded against the administrators or heirs of either of them, and whether *original process* could be awarded against the administors or heirs.

*Per Curiam :* " It appearing that in this case the *scire facias* on the recognizance abated as to *Helme,* the principal, by the return ; and that of the other two conusors, *Haines,* was the survivor, it is the unanimous opinion of the court, that a *scire facias to revive* against the personal representatives of the said *Haines* will lie, though not against his heirs; and that *original process* will lie against the heirs of the said *Haines,* or against the personal representatives or heirs of *Patton,* the other deceased conusor."

STATE
v.
GALLAGHER ET AL

Although some of these cases turn upon points of practice, they all implicitly recognize the heritable nature of the obligation of bail.

Nor do we find any thing in our own law to sanction a different doctrine.

The Articles 1992 and 1995 of the Code, do not support the position for which they are cited by the appellant. The State, in intrusting parties accused of violating the laws to the friendly custody of their sureties, does not look to the peculiar skill of the sureties in apprehending offenders, but to their sufficiency in law. An important element of that sufficiency, is the solvency of their estates. They are often required to be examined under oath as to the amount of their property, after payment of all their debts; an absurd practice, if the obligation they contract is strictly personal, and perishes with the obligor. 1 Chitty Cr. Law, *p. 99.

The curators of vacant successions and of absent heirs, act in their names and quality, in all contracts, or other proceedings, in which the succession or the heirs which they represent, are interested, and appear in all suits in which they are obliged to act in that capacity, either as plaintiffs or defendant. C. C. 1146. Ample authority has thus been given to curators to protect the estates they administer, and to stand in judgment in a proceeding like the present.

It is therefore ordered, that the judgment appealed from be affirmed, with costs.